UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUSAN M. KHAURY,                                                        No. 11-10729

Debtor(s).
_____/

Memorandum on Motion to Sell Personal Property
_____

Chapter 11 debtor Susan Khaury filed her Chapter 11 petition on February 28, 2011. She never filed any operating reports as required for Chapter 11 debtors in possession, and in her status conference statement she revealed "impaired decision making" associated with illness, injury, and "auditory and visual hallucinations exacerbated by withdrawal from long-term use of psychiatric medication." On May 19, 2011, she agreed to appointment of a Chapter 11 trustee.

On August 3, 2011, the trustee, Linda Green, proposed a plan of reorganization. Khaury opposed the plan, specifically objecting to those provisions of the plan which allowed Green to sell the estate's stock in Packaging, Inc. However, Khaury withdrew her opposition and the plan was confirmed on December 5, 2011.

On April 5, 2012, Green moved the court for approval of her sale of the stock in Packaging, Inc., pursuant to the plan. A hearing on the motion was held May 4, 2012. Khaury objected, but did not argue that the sale was inconsistent with the plan. Rather, she argued that she should be returned to the status of debtor in possession and that the sale was not in her best interest. She seemed to take

1

1  the position that confirmation of the plan had no effect.  The court strongly disagrees.

2       Section 1141(a) of the  Bankruptcy Code specifies that the provisions of a confirmed plan bind

3  the debtor as well as all other parties.  A confirmed Chapter 11 plan is considered a final judgment for

4  all purposes, including res judicata.  *In re Kelley,* 199 B.R. 698, 703 (9th Cir. BAP 1996).  Having

5  specifically raised the same issues before confirmation, Khaury is not free to treat the plan as a nullity

6  and raise them again.

7       When considering a sale pursuant to a confirmed plan, the court's role is a narrow one: insuring

8  that the sale is consistent with the plan.  The court is not free to re-write the plan or add additional

9  terms; those matters were the appropriate subject for negotiation prior to confirmation.  It appearing

10  that the sale is consistent with the plan and that Khaury is precluded from raising her objection, the

11  objection will be overruled and the sale approved.  An appropriate order has been entered.

12

13  Dated:  May 9, 2012

14

15

16  Alan Jaroslovsky
   U.S. Bankruptcy Judge

17

18

19

20

21

22

23

24

25

26

2