UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUSAN M. KHAURY,                                                          No. 11-10729

                     Debtor(s).
_____/

Memorandum on Motion to Stay or Vacate Order Approving Sale of Stock
_____

      Chapter 11 debtor Susan Khaury was removed as debtor in possession and replaced with a Chapter 11 trustee, who proposed a plan of reorganization which specifically provided for the sale of stock. Khaury filed opposition to the plan but withdrew it.

      On April 5, 2012, the Trustee moved for approval of the sale of stock. Khaury objected, making arguments as if she were still a debtor in possession, still the owner of the stock and no plan had been confirmed. The court found that the sale was consistent with the plan and granted the motion, overruling Khaury's objection. The court was not asked to waive the 14-day stay provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, and shortened time so that Khaury could get have a motion for a stay pending appeal heard before the sale order was effective. Khaury did not make such a motion. The order became effective and the sale has been consummated. Khaury now moves the court for, in essence, reconsideration.

      The court does not understand why this motion is not moot, as the sale has been consummated. It appears that her counsel thinks that preservation of the right to appeal stays the sale or gives her a

1

defense to mootness. The court does not agree, but nonetheless will address the substance of her motion.

As the court has previously pointed out, an order confirming a plan is a judgment, barring issues which were raised or could have been raised prior to its entry. Not only could Khaury's objection have been raised before confirmation, most of them were in fact raised and then withdrawn. Khaury is not free to raise them now as if there was no confirmed plan.

Moreover, Khaury insists on acting as if she was the owner of the shares which were sold. She argues that the sale involves a minority shareholder discount, "which Minnesota defines as oppressive if used internally against minority shareholders." The flaw with this argument is Khaury's assumption that she is the minority shareholder and has therefore been damaged. Pursuant to § 541(a) of the Bankruptcy Code, all Khaury's rights, legal and equitable, became property of the bankruptcy estate. Any right to argue that the sale was oppressive belongs to the bankruptcy estate, not Khaury. Her right to any remainder of the estate after creditors have been paid does not make her the owner of any estate assets. Only the bankruptcy estate has the right to attack the sale on the grounds Khaury urges.

In addition, Khaury persists in ignoring the terms of the confirmed plan and treating the sale of stock as an ordinary sale pursuant to § 363 of the Bankruptcy Code. The plan contains no such provision. It only provides that "without limitation, the Liquidating Trustee shall be authorized to vote, sell, encumber, or otherwise manage all of the Debtor's stock interests in Packaging, Inc. . . ." If Khaury had wanted any limitations on the Trustee's power to sell the stock, the time to seek them was at the confirmation hearing, not after the plan had been confirmed.[1] The court interprets the words "without limitation" as meaning just that, and prohibiting Khaury's post-hoc attempt to impose limitations.

If Khaury had any concerns about the manner or terms upon which the stock was to be sold, the

---

[1] The plan did not even require the court to approve the sale. Since it was asked to do so anyway, and since the court has no power to dictate or change plan terms on its own, the role of the court was limited to making sure the sale was consistent with the plan.

2

Case: 11-10729    Doc# 141    Filed: 06/22/12    Entered: 06/22/12 15:24:54    Page 2 of 3

time for raising these issues was before plan confirmation, when the court could have listened to her arguments and, if it found them meritorious, declined to confirm the plan. Khaury is barred from raising these issues now by *res judicata*. Even if she was not so precluded, Khaury has no standing to attack the sale as being oppressive to the minority shareholder because she is not a shareholder; the shares, prior to sale, belonged to the bankruptcy estate.

For the foregoing reasons, Khaury's motion will be denied. Counsel for the Trustee shall submit an appropriate form of order.

Dated: June 22, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

3