UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUSAN M. KHAURY,  No. 11-10729

                Debtor(s).
_____/

Memorandum on Motion for Sanctions
_____

      Chapter 11 debtor Susan Khaury filed her Chapter 11 petition on February 28, 2011. She never filed any operating reports as required for Chapter 11 debtors in possession, and in her status conference statement she revealed "impaired decision making" associated with illness, injury, and "auditory and visual hallucinations exacerbated by withdrawal from long-term use of psychiatric medication." On May 19, 2011, she agreed to appointment of a Chapter 11 trustee.

      On August 3, 2011, the trustee, Linda Green, proposed a plan of reorganization. Khaury opposed the plan, specifically objecting to those provisions of the plan which allowed Green to sell the estate's stock in Packaging, Inc. ("Packaging"). Khaury argued that the sale was inconsistent with bankruptcy law and violated a stock transfer agreement between her and Packaging. She attached a copy of that agreement to her brief. However, Khaury withdrew her opposition and the plan was confirmed on December 5, 2011.

      On April 5, 2012, Green moved the court for approval of her sale of the stock in Packaging pursuant to the plan. A hearing on the motion was held May 4, 2012. Khaury objected, but did not

1

argue that the sale was inconsistent with the plan.  She rather renewed her withdrawn argument that the sale violated Minnesota law and her rights as a minority shareholder.  She proposed changes to the plan as if it had not been confirmed.  The court overruled her objections and approved the sale, holding that it was consistent with the confirmed plan and that her arguments were barred by the doctrine of claim preclusion (res judicata) because they could have been raised at the time of confirmation.  Although she threatened an appeal if the court approved the sale, she did not appeal.  The order approving the sale became final and the sale consummated.  Under the terms of the sale, the Trustee sold 11,627 shares of Packaging to the corporation for $2 million.  Khaury's remaining 3,838 shares were returned to her.

On May 1, 2014, Khaury served Packaging with a complaint filed in Minnesota state court against it.  In her complaint, Khaury accused Packaging of a conspiracy to eliminate her rights as a minority shareholder by forcing her into bankruptcy and purchasing her shares for less than their fair value.  Most disturbingly to this court, she prayed in her complaint that the sale of stock to Packaging which this court approved in both the plan and the subsequent sale order, be declared void.  Packaging has moved this court for sanctions based upon this conduct.  The Trustee has joined in the motion.

In deciding the motion, the court must deal with two basic principles not entirely consistent with each other.  On the one hand, the issue of whether to apply the doctrine of res judicata to an action is a matter properly heard by the subsequent court.  On the other hand, this court has both general and specific responsibilities to ensure that its orders are not collaterally attacked.  The court will attempt to balance these principles as best it can.

The court's general responsibility is based on  § 105(a) of the  Bankruptcy Code, which gives the court the power to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the  Bankruptcy Code and  § 1141(a) § 1142(b), which bind the debtor to the terms of a confirmed plan and provide that the court may direct a debtor to perform any act necessary to consummate a plan.  These statutes are often employed to enforce confirmed plans.  See generally 2 **Collier on Bankruptcy** (16th Ed.), ¶ 105.04[2][b][ii].  No bankruptcy court can fail to act when a party

2

Case: 11-10729    Doc# 183    Filed: 10/23/14    Entered: 10/23/14 10:57:24    Page 2 of 4

to the bankruptcy attacks its order approving a sale in state court.

In addition to its general responsibility to enforce its orders, the court is given specific responsibilities in the plan itself. Article IX of the plan provides that the bankruptcy court shall retain exclusive jurisdiction to enforce the provisions, purposes, and intent of the plan, to adjudicate controversies arising from the terms of the plan, and to facilitate the consummation of the plan. Article X, Section 10.2(e) of the plan bars all persons who have held, currently hold or may hold a debt, claim or interest against the bankruptcy estate from "commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan or the Order of Confirmation." Thus, the court is required by the plan itself to forbid Khaury from prosecuting an action in Minnesota which is inconsistent with the plan.

Applying the plan terms, the court must find Khaury in contempt for filing the Minnesota complaint. It is an action which is entirely inconsistent with the confirmed plan and must not be allowed to proceed.

As soon as Packaging brought Khaury's Minnesota actions to the attention of the court, her counsel realized that they had gone too far in seeking to void the sale this court approved. They represent that they are seeking to amend the complaint to eliminate the prayer for a judgment voiding the sale. However, the proposed amended complaint still seeks damages against Packaging "equal to the difference between current fair value and the price paid for her shares previously sold via the bankruptcy process over her objection . . . ." This claim for damages is not contrary to any express provision of the plan, but Khaury actively opposed the sale in bankruptcy court, making much the same arguments as she now makes to the Minnesota court as justifying her alleged damages. Packaging accordingly has a strong argument that approval of the sale is res judicata, barring Khaury's damages claim based on the Trustee's sale of stock to Packaging. *Regions Bank v. J.R. Oil Co., LLC,* 387 F.3d 721, 731-32 (8th Cir. 2004). However, to the extent that the claim is not based on the false premise that the sale is void or voidable, the court will defer to the Minnesota court the determination as to whether Khaury is barred from asserting it.

3

Finally, in her Minnesota complaint Khaury seeks to enforce her rights against Packaging as to her remaining 3,838 shares which were returned to her. Since assertion of these rights is not patently inconsistent with the confirmed plan, and since these rights are governed solely by Minnesota law, the court will not intervene and will leave it to the Minnesota courts to determine if Khaury is barred from asserting any of these rights by res judicata as the doctrine may be applied in that state.

For the foregoing reasons, an appropriate order will be entered sanctioning Khaury for contempt and barring her from attacking the validity of the sale this court approved but otherwise deferring to the Minnesota courts the issue as to whether her action there is barred by the doctrine of res judicata.

Dated: October 23, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

4